**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JHONATAN FABRICIO TAIZHA URGILES,** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-8212** |
| **WARDEN J. L. JAMISON, *et al.*** | : | |

**MEMORANDUM OPINION**

**Henry, J.** **October 30, 2026**

This case is before the Court on Taizha Urgiles's Petition for Writ of Habeas Corpus (ECF No. 1). Taizha Urgiles challenges his current detention by Respondents at the Philadelphia Federal Detention Center after being arrested by ICE. Because I hold that Taizha Urgiles's detention violates both 8 U.S.C. § 1226(a) and due process, I will grant the writ and order his immediate release.

## I. BACKGROUND

Taizha Urgiles, a native of Ecuador, has resided in Pennsylvania since approximately 2007. Pet. at ¶ 18. He has two daughters and is a business owner, and has no criminal record. *Id.* Despite his nearly twenty years in residence in the United States and his lack of a criminal record, he was arrested by ICE on October 26, 2026, in a rather disturbing manner. *Id.* ¶ 19. At approximately 7:15 in the morning, Taizha Urgiles was walking to his car, when ICE officers approached him, asking if he had documents. *Id.* He said the documents were in his house. *Id.* They handcuffed him, put him in a car, and asked if he was "Jose Guaman." *Id.* He replied that he was not and told the officers that the only residents of his house were himself, his wife, his daughter, and his brother. *Id.* The ICE officers told him to call his brother and tell him to bring out his and his brother's

documents. *Id.* ¶ 20. Taizha Urgiles's brother came out of the house, staying behind a gate, and handed the ICE officers the documents. *Id.* One of the ICE officers approached the gate and told him they were going to shoot the dog, who was in the yard. *Id.* The ICE officer tasered the dog before attacking Taizha Urgiles's brother in a manner so violent that it broke his leg. *Id.* The ICE officers put Taizha Urgiles's brother into the back of the car as well and took them to the hospital, where doctors informed his brother that he would need surgery. *Id.* ¶ 22. ICE refused surgery at that time and, upon Taizha Urgiles's belief, they had not brought him to the hospital for surgery at the time the Petition was filed. *Id.*

Meanwhile, Taizha Urgiles was placed in detention, despite not being shown a warrant at the time of arrest. *Id.* ¶ 23. He filed the present Petition on October 27, 2026.

## II. <u>DISCUSSION</u>

Taizha Urgiles argues, *inter alia*, that his detention violates due process because he was arrested without a warrant and was not subject to an individualized custody determination. Pet. at 7, 12. In a brief one-page opposition, Respondents argue that Taizha Urgiles is lawfully detained under 8 U.S.C. § 1226(a) but recognize that the questions of law before the Court are substantially the same as those already addressed in *Lopez-Abello v. Jamison*, No. 26-cv-6752, 2026 WL 2981935 (E.D. Pa. Oct. 5, 2026).

For the reasons set forth in *Lopez-Abello*, and several other cases holding the same, *see, e.g.*, *Dos Reis v. McShane*, 2026 WL 1746649, at *3 (E.D. Pa. June 17, 2026); *Regalado-Nauta v. Jamison*, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026); *Sanchez Rosales v. Jamison*, No. 26-cv-7371, 2026 WL 3002650 (E.D. Pa. Oct. 6, 2026); *Baez v. Blanche*, No. 26-cv-7654, 2026 WL 3060698 (E.D. Pa. Oct. 13, 2026); *Lursmanashvili v. Jamison*, No. 26-cv-7716, 2026 WL 3123167 (E.D. Pa. Oct. 19, 2026), I hold that Taizha Urgiles's detention without an individualized custody determination violated both 8 U.S.C. § 1226(a) and his due process rights. Additionally, Taizha

Urgiles is excused from exhausting any administrative remedies before filing his petition because administrative exhaustion is not required where, as here, "[a] later bond hearing [would] not necessarily cure the alleged constitutional violation that preceded it." *Dos Reis*, 2026 WL 1746649 at *3.

Taizha Urgiles's warrantless arrest also violated Section 1226(a) and his due process rights. 8 U.S.C. § 1226 provides that "*[o]n a warrant issued* by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Here, Taizha Urgiles's "detention was not the result of an orderly process by which a warrant for his arrest was considered, issued, and executed." *Sagbay v. Jamison*, No. 26-cv-7265, 2026 WL 2875765, at *4 (E.D. Pa. Sept. 24, 2026). These circumstances "reflect the absence of any prior individualized consideration." *Id.* Further, "Section 1226(a) 'is not even triggered unless an arrest warrant is issued . . . . If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release "the arrested alien" are likewise not triggered.'" *Sagbay v. Jamison*, No. 26-cv-7265, 2026 WL 2875765, at *5 (E.D. Pa. Sept. 24, 2026). Respondents have not put forth any evidence that the officers had "reason to believe" that Petitioner was "likely to escape before a warrant [could] be obtained for his arrest," as is necessary for warrantless arrests pursuant to 8 U.S.C. § 1357. As such, without a warrant or other indication of probable cause, Petitioner's arrest was unlawful under 8 U.S.C. § 1226(a), in addition to being violative of his due process rights.

## III. CONCLUSION

For the foregoing reasons, Taizha Urgiles's detention is improper and as such, his Petition is granted and his immediate release is ordered.